TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
In designating the place of a federal prisoner’s confinement, the Bureau of Prisons (“BOP”) is required to consider “any statement by the court that imposed the sentence[.]” 18 U.S.C. § 3621(b)(4). This requirement applies to retroactive, or nunc pro tunc, designations. Although one possible construction of the term “the court that imposed the sentence” is that it refers to the court as a whole, here the Southern District of Florida, I fully agree with the majority’s interpretation that “[t]his is a direction to the Bureau of Prisons to consider statements made by the sentencing judge to determine the judge’s intent and reasoning for the particular sentence imposed on the particular defendant.” Maj. Op. at 1242. Because Chief Judge Moreno was not the sentencing *1244 judge, I agree that the BOP committed legal error under § 3621(b)(4) in treating and relying on his letter as the views of the sentencing judge.[1]
This should end the matter and I would not further opine on whether the Chief Judge’s letter was a violation of the recu-sal statutes or of due process, as does the majority. The recusal statutes apply only to in-court “proceedings.” See 28 U.S.C. § 144 (limiting application to “any proceeding in a district court”); id. § 455(a) (requiring judge to “disqualify himself in any proceeding in which his impartiality might reasonably be questioned”). Indubitably, the BOP’s designation of a prisoner’s place of confinement is not a court “proceeding.”[2] More importantly, the letter-writing judge is not the decision-making authority. Thus, at best, it is highly questionable whether the recusal statutes apply to § 8621 determinations by the BOP.
As for the asserted “due process” violation caused by the BOP’s reliance on the Chief Judge’s letter, the cases the majority cites are inapposite. All of the cases cited by the majority, see Maj. Op. at 1242-43, Tumey v. Ohio, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927); Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 865 n.12, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), Concrete Pipe & Prod. Of Cal., Inc. v. Constr. Laborers Pension Tr. For S. Cal., 508 Ú.S. 602, 617, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009); and Mayberry v. Pennsylvania, 400 U.S. 455, 466, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), concerned in-court proceedings and decisions made by judges in those proceedings, not a judge acting as a witness by sending a letter responding to the inquiry of an independent agency.
Moreover, it is entirely unnecessary to decide either the due process issue or the reach of the recusal statutes because the case can be completely disposed of on the statutory violation ground. Finally, because, as the majority holds, only the sentencing judge can respond to the BOP’s § 3621 request, it is highly unlikely that a potential due process violation will arise again. Once the BOP’s solicitation and consideration of § 3621 letters is limited to sentencing judges, by definition a judge who has been recused from the sentencing proceeding cannot be the sentencing judge. The problem should not recur. Thus, the majority’s “decision” of these issues is not only dicta in the old fashioned sense, it is also unnecessary in the practical sense.[3]
I thus concur in all of the majority opinion, except for its discussion of and “holding” that the BOP violated Rodriguez’s due process rights and statutory rights *1245 under the recusal statutes, from which I respectfully dissent.

.It is important to note that § 3621 is not an all encompassing statute. It does not prohibit the BOP from considering materials from other sources, nor does it exhaustively list what the BOP may not consider. For example, there is nothing in the statute that expressly prohibits the BOP from considering a letter from the victim, or from the inmate’s parent or spouse. Because the issue is not before us, we need not decide whether the BOP was free to consider the Chief Judge's letter, as long as it made clear that it was not being considered as the views of the sentencing judge.

. In fact, in the usual case, the BOP’s designation decision is not subject to judicial review under the APA. See 18 U.S.C. § 3125.

. I emphasize that the dicta is "unnecessary” because of our Circuit’s unique — and unfortunate — view of dicta. See Barapind v. Enomoto, 400 F.3d 744, 750-51 (9th Cir. 2005) (en banc).